# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **EARL STANLEY TENNIAL,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 15-CV-0041-GKF-TLW** |
| | ) | |
| **STANLEY GLANZ, Sheriff,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## OPINION AND ORDER

This is a 28 U.S.C. § 2241 habeas corpus action. See Dkt. # 3. On February 3, 2015, Petitioner Earl Stanley Tennial, a state prisoner appearing pro se, filed an amended petition for writ of habeas corpus (Dkt. # 4). Respondent filed a motion to dismiss for failure to exhaust state court remedies (Dkt. # 8). Petitioner filed a response (Dkt. # 10). Respondent filed a reply (Dkt. # 12) and Petitioner filed a surreply (Dkt. # 14). For the reasons discussed below, the Court grants the motion to dismiss and dismisses the amended petition without prejudice.

### *BACKGROUND*

The record reflects that Petitioner pled guilty to five counts of Lewd and Indecent Electronic Communication, in Tulsa County District Court, Case No. CM-2014-263 (Dkt. # 8 at 2). The state district court sentenced Petitioner to one (1) year in custody for each of the first four counts and one (1) year suspended for Count V, all to run consecutively. Id. at 2-3.

In his amended federal petition for writ of habeas corpus, Petitioner contends he is not receiving the good time credits he has earned under Oklahoma law. Dkt. # 4 at 7-8. Petitioner states he "wrote several letters concerning" the issue of earned credits "to Tulsa County District Judge

William C. Kellough," and Judge Kellough "set a status conference concerning [Petitioner's] earned credits." Dkt. # 10 at 2. Petitioner asserts his attorney mistakenly "had the status conference cancelled without ever speaking to [Petitioner] about the situation." Id. Petitioner also sent a "letter on October 6, 2014" to Judge Kellough "relat[ed] to his confinement." Dkt. # 8 at 3. The court "construed [the] letter as a '. . . motion for judicial review . . .' which the [c]ourt denied." Id. Petitioner does not allege, and nothing in the record suggests, that he has ever presented any claim to the Oklahoma Court of Criminal Appeals (OCCA).

Petitioner commenced this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. # 1) alleging that jail officials have not been properly crediting him for either "work as a trust[ee] and for good behavior" or "for efficient work as a backdock worker." Id. at 2. The Court converted the matter from a § 1983 action to a habeas corpus action under 28 U.S.C. § 2241. See Dkt. # 3. Thereafter, Petitioner filed an amended petition for writ of habeas corpus (Dkt. # 4). In the amended petition, Petitioner identifies two (2) grounds of error, as follows:

> Ground One:   Based on Oklahoma Statutes Title 57, Chapter 2, Section 65 and 58.3, the computation of my earned credits is incorrect.
>
> Ground Two:   Based on my position as a 'Backdock' trust[ee], I should be receiving the credit for efficiency. Title 57, Chapter 1, Section 20.

Id. at 6-7. Petitioner does not challenge his convictions or sentences. Dkt. # 14 at 4. He expressly states that "I am not complaining about the sentence, I would just like Sheriff Stanley Glanz to give me the credits that I have already earned." Id. Thus, Petitioner challenges the administration of this sentence. In response to the petition, Respondent filed a motion to dismiss alleging Petitioner failed to exhaust state court remedies (Dkt. # 8).

2

*ANALYSIS*

Prior to bringing a § 2241 action for habeas corpus relief, a petitioner must demonstrate that he has exhausted available state court remedies.  See Montez v. McKinna, 208 F.3d 862, 867 (10th Cir. 2000) (holding exhaustion requirement applies to § 2241 petitions as well as to § 2254 petitions).  The United States Supreme Court "has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims."  Coleman v. Thompson, 501 U.S. 722, 731 (1991) (citations omitted).  To exhaust a claim, Petitioner must have "fairly presented" that specific claim to the state's highest court.  See Picard v. Conner, 404 U.S. 270, 275-76 (1971).  A petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

The exhaustion requirement is based on the doctrine of comity.  Rose v. Lundy, 455 U.S. 509, 518-19 (1982).  Requiring exhaustion "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights."  Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (citations omitted) (per curiam).  To satisfy the exhaustion requirement, a prisoner must afford the state courts the "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim," Picard, 404 U.S. at 277 (internal quotation marks and citation omitted) (brackets in original), "which entails presentation both of the facts on which he bases his claim and the constitutional claim itself."  Wilson v. Workman, 577 F.3d 1284, 1292 (10th Cir. 2009) (citations omitted).  The burden of proving exhaustion rests with the prisoner.  See Olson v. McKune, 9 F.3d 95 (10th Cir. 1993).

3

In response to the motion to dismiss, Petitioner explains that he has attempted to obtain relief in Tulsa County District Court and by filing grievances at the Tulsa County Jail.  See Dkt. # 10 at 3-4.  He also states that "if I had all the earned credits applied, I would be released."  Id. at 4.

Significantly, Petitioner has not presented either of his habeas corpus claims to the OCCA, the state's highest court for criminal matters.  Furthermore, Petitioner has an available state court remedy.  Because he alleges that he would be entitled to immediate release if he received the good time credits he has earned, he may file a petition for writ of habeas corpus in the District Court of the county where he is restrained, see Rule 10.6(C)(1), Rules of the Oklahoma Court of Criminal Appeals, in this case, Tulsa County District Court.  Canady v. Reynolds, 880 P.2d 391, 397 (Okla. Crim. App. 1994); Ekstrand v. Oklahoma, 791 P.2d 92 (Okla. Crim. App. 1990), abrogated on other grounds by Waldon v. Evans, 861 P.2d 311 (Okla. Crim. App. 1993). "For a writ of habeas corpus Petitioner must establish that his confinement is unlawful and that he is entitled to immediate release."  Berryhill v. State, 43 P.3d 410, 411 (Okla. Crim. App. 2002).  If the state district judge denies habeas corpus relief, Petitioner may then file a habeas corpus action in the OCCA in compliance with the procedures set forth in Rule 10.1(C), Rules of the Oklahoma Court of Criminal Appeals.

Should the OCCA deny relief, Petitioner may then file a new petition for writ of habeas corpus in this federal court raising the now exhausted claims.  Petitioner must file any new federal petition within the time remaining in the one year limitations period, if any.  See 28 U.S.C. §

2244(d) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").[1]

In summary, the two claims Petition raised in his federal petition for writ of habeas corpus have not been presented to the OCCA. In addition, because Petitioner claims that he would be entitled to immediate release if he were granted the relief he seeks, he has an available remedy: a petition for writ of habeas corpus filed in Tulsa County District Court. Therefore, Petitioner's claims are unexhausted. Respondent's motion to dismiss based on Petitioner's failure to exhaust state remedies shall be granted and the amended petition shall be dismissed without prejudice.

### CERTIFICATE OF APPEALABILITY

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the Court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating the issues raised are debatable among jurists, a court could resolve the issues differently, or the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893, 907 n.4 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim

---

[1]The Court advises Petitioner that the one-year period applicable to federal habeas corpus petitions has **not** been tolled, or suspended, during the pendency of this federal habeas corpus action. See 28 U.S.C. § 2244(d)(2); Duncan v. Walker, 533 U.S. 167 (2001) (holding that an application for federal habeas corpus review is not an "application for State post-conviction or other collateral review," within meaning of tolling provision of the Antiterrorism and Effective Death Penalty Act).

5

of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural ruling resulting in the dismissal of this action is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1.      Respondent's motion to dismiss for failure to exhaust necessary state remedies (Dkt. # 8) is **granted**.

2.      The amended petition for writ of habeas corpus (Dkt. # 4) is **dismissed without prejudice** for failure to exhaust state remedies.

3.      A certificate of appealability is **denied**.

4.      A separate judgment shall be entered in this matter.

**DATED** this 17th day of December, 2015.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT